**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN ROGERS; et al., | No. 20-15689 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-01938-VC |
| v. | |
| LYFT, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 14, 2022[**]
San Francisco, California

Before:  SILER,[***] S. R. THOMAS, and CALLAHAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs appeal from the district court's decision to compel arbitration and dismiss the arbitrable claims. We affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See also Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (holding when a district court determines all of the claims raised in an action are subject to arbitration, it may either stay the action or dismiss it, and a dismissed action is subject to appeal). We review a decision to grant a motion to compel arbitration de novo. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016).

At issue in this appeal is whether Lyft drivers are engaged in interstate commerce and therefore exempt from the Federal Arbitration Act ("FAA"). *See Romero v. Watkins & Shepard Trucking, Inc.*, 9 F.4th 1097, 1100 (9th Cir. 2021) ("[Section] 1 of the FAA exempts from the Act's coverage all 'contracts of employment of seamen, railroad employees, or *any other class of workers engaged in foreign or interstate commerce*.'" (quoting 9 U.S.C. § 1) (emphasis added)).

We recently decided this question in *Capriole v. Uber Techs., Inc.*, 7 F.4th 854 (9th Cir. 2021), holding that rideshare drivers "do not fall within the 'interstate commerce' exemption from the FAA." *Id.* at 861. Because *Capriole* controls the outcome in this case, we affirm the judgment of this district court.

All pending motions are denied. **AFFIRMED.**

2